UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

SHAWN ACKERSON,

        Plaintiff,

        v.

CITY OF WHITE PLAINS, POLICE BUREAU
OF WHITE PLAINS, STEPHEN FOTTRELL,
individually and in his capacity as
a sergeant in the Police Bureau of
White Plains, ERIC FISHER, individually
and in his capacity as a lieutenant
in the Police Bureau of White Plains,
and JOHN DOE, whose true name is not
known to Plaintiff, individually and
in his capacity as an officer in the
Police Bureau of White Plains,

        Defendants.

------------------------------------X

08 CIV. 9549 (KTD)

MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, U.S.D.J.:

    Plaintiff Shawn Ackerson commenced this action pursuant to 42 U.S.C. § 1983 and New York state law, charging defendants Lieutenant Eric Fisher, and Sergeant Stephen Fottrell for false arrest and malicious prosecution, and the City of White Plains ("City") and the White Plains Police Bureau ("Police Department") for failure to train and supervise their police officers. Both parties now move for summary judgment. For the reasons outlined below, Plaintiff's motion for partial summary

1

judgment is DENIED. Defendants' motion is GRANTED in part and DENIED in part.

I.  *Background*

In the early evening of November 8, 2007, White Plains resident Mary Kate Cabaleiro called the White Plains Police Department to report that a large man that she did not know had come to her home that afternoon. Cabaleiro told the police that the man had approached her as she was exiting her car in her driveway. He came within two to three feet of Cabaleiro, and told her that his car had been sideswiped by someone driving her car and that he had obtained her address from a friend who looked up her license plate information. The man also asked the ages of Cabaleiro's children and said that he believed the person driving the car was having an affair with his ex-girlfriend. At that time, Cabaleiro noticed her neighbor coming home, and yelled to him that she might need him to call the police for her. After Cabaleiro asked the stranger to leave, the man drove away. Cabaleiro gave the police the license plate number of the man's car which the police found was registered to Ackerson.

Defendant Lt. Fisher of the White Plains Police Department learned that Ackerson had been arrested in Eastchester for assault, and instructed defendant Sgt. Fottrell to travel to the

2

Eastchester Police Department to interview Ackerson. During the interview, Ackerson admitted visiting Cabaleiro, but became uncooperative when asked how he had obtained Cabaleiro's address. Fottrell placed Ackerson under arrest for Menacing in the Third Degree. Ackerson was arraigned by White Plains City Court, charging Menacing in the Third Degree. Subsequently, the court dismissed the charge.

II. *Legal Standard for Summary Judgment*

Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Beard v. Banks*, 548 U.S. 521, 529 (2006) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

"A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists." *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995). The Court must "view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor, and may grant summary judgment only when no reasonable trier of fact could find in favor of the

nonmoving party." *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (internal quotation marks and citations omitted).

III. *Plaintiff's Motion for Partial Summary Judgment*

Ackerson moves for an order granting partial summary judgment determining that the defendants are liable for false arrest and dismissing defendants' affirmative defenses of probable cause and qualified immunity.

The Second Circuit has held that "[t]he existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest,' whether the action is brought under state law or under Section 1983." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)).

Ackerson argues that Fisher and Fottrell lacked probable cause since the elements of menacing were not present. Under New York law, Menacing in the Third Degree occurs when a person, "by physical menace, . . . intentionally places or attempts to place another person in fear of death, imminent serious physical injury or physical injury." N.Y. PENAL LAW § 120.15. The crime has two requirements: (i) physical menace and (ii) fear of imminent harm. "Physical menace" requires that the actor make a "gesture that conveys the idea that the actor is threatening physical harm to the observer, even if the actor does not intend to cause

4

such physical harm." *People v. Gonzalez*, 908 N.Y.S.2d 848, 850 (N.Y. City Crim. Ct. 2010). A physical act is required; verbal threats alone are insufficient. *See* In re *Akheem B.*, 308 A.D.2d 402, 764 N.Y.S.2d 630 (1st Dep't 2003); *People v. Martucci*, 22 Misc.3d 137(A), 881 N.Y.S.2d 365 (N.Y. Sup. Ct. App. Term 2009). The physical act must also create a "well-founded fear" in the observer of immediate physical danger. In re *Akida L.*, 170 A.D.2d 680, 567 N.Y.S.2d 93 (2d Dep't 1991); *see People v. Whidbee*, 8 Misc.3d 1023(A), 803 N.Y.S.2d 20 (N.Y. City Crim. Ct. 2005) (holding that a threat of future harm was insufficient to establish menacing).

Ackerson contends that merely approaching Cabaleiro and asking her questions does not equal the severity of gestures held to constitute a physical menace, and thus Cabaleiro did not have reasonable fear of imminent harm. *See, e.g.,* In re *Denzel F.*, 44 A.D.3d 389, 843 N.Y.S.2d 60 (1st Dep't 2007) (actor stood in front of complainant with his fists cocked); *People v. Betko*, 26 Misc.3d 134(A), 907 N.Y.S.2d 102 (N.Y. Sup. Ct. App. Term 2010), *leave to appeal denied*, 14 N.Y.3d 838, 927 N.E.2d 565, 901 N.Y.S.2d 144 (2010)(appellant raised kitchen knife and threatened to kill complainant).

However, the relevant inquiry is not whether Ackerson committed the crime of menacing, but whether defendants Fisher and Fottrell had probable cause to arrest Ackerson. A court

5

determines whether probable cause existed based on a "totality of the circumstances." *Crenshaw v. City of Mount Vernon*, 372 F. App'x 202, 205 (2d Cir. 2010) (quoting *Illinois v. Gates*, 462 U.S. 213 (1983)). While prior cases addressing menacing in the third degree involve more direct threats of physical harm than the present case, a reasonable juror could still conclude that, based on the totality of the circumstances, the defendants acted with probable cause.

There is a genuine issue of fact concerning whether reasonable officers could disagree about whether there had been probable cause to arrest Ackerson. In her deposition testimony, Assistant Police Chief Anne Fitzsimmons stated that Cabaleiro's complaint was insufficient to establish probable cause to arrest for menacing in the third degree because of the absence of a physical act by Ackerson. Fitzsimmons, however, also testified that officers are taught by Police Department instructors that "physical menace" occurs "when one person may take actions that makes [sic] the other person be in fear for their physical well being."

Given that Ackerson, a large man, approached Cabaleiro at her home, placed himself within a few feet of her, and asked questions about her children, an arresting officer could reasonably conclude that Ackerson's approaching Cabaleiro was an action that made Cabaleiro fear for her physical well-being.

6

Similarly, based on Cabaleiro's statements that she became "nervous," felt need to yell to a neighbor that she might need him to call the police, assumed Ackerson was stalking his ex-girlfriend and "became very afraid suspecting that this person was capable of anything," one could reasonably conclude that she had a fear of imminent harm. *Cf. Holley v. County of Orange*, 625 F. Supp. 2d 131 (S.D.N.Y. 2009) (finding no probable cause to arrest for menacing where the threat of harm lacked immediacy).[1]

Since there are still questions of fact surrounding the issue of probable cause, plaintiff's motion for summary judgment for the claim of false arrest and the affirmative defense of probable cause is denied.

Plaintiff's motion for summary judgment on the affirmative defense of qualified immunity must also be denied. Arresting officers are entitled to qualified immunity if "arguable probable cause" exists. "Arguable probable cause exists 'if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met.' " *Escalera v. Lunn*, 361 F.3d 737, 743 (2d

---

[1] In *Holley*, the court granted plaintiff's summary judgment motion for false arrest on the charge of menacing in the third degree. The plaintiff came to complainant's office and left a bouquet of dead flowers with a threatening note for the complainant, but was never in the complainant's presence. The court held that there was not sufficient probable cause to arrest plaintiff as there was no allegation in the complaint that plaintiff had created fear of imminent physical injury.

7

Cir. 2004) (quoting *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991). However, "[s]ummary judgment on qualified immunity grounds is not appropriate when there are facts in dispute that are material to a determination of reasonableness." *Thomas v. Roach*, 165 F.3d 137, 143 (2d Cir. 1999).

IV. *Defendants' Motion for Summary Judgment*

Defendants simultaneously bring a motion for summary judgment, contending that (i) Plaintiff's complaint against the City and the Police Department must be dismissed as a matter of law; (ii) Fisher and Fottrell are entitled to qualified immunity as a matter of law; (iii) probable cause existed for the arrest of Ackerson; (iv) the Plaintiff cannot establish a claim for malicious prosecution; (v) Defendants cannot be held liable in negligence for Fisher and Fottrell's actions. For the reasons discussed above, summary judgment on the issues of probable cause and qualified immunity are inappropriate at this time.

A. *Points (i) and (v) Section 1983 and Negligence Claims Against the City and Police Department*

Plaintiff's Section 1983 claims against the City of White Plains are dismissed. While Ackerson's contention that the City failed to train and supervise its police officers may be a legitimate basis for a Section 1983 claim against a

8

municipality, *See Ramos v. City of N.Y.*, 298 F. App'x 84, 86 (2d Cir. 2008); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978) (holding that a municipality may be sued under Section 1983 for the constitutional violations of its employees occurring pursuant to an official policy or custom), Ackerson has not alleged any policy or indicated that the City's failure to train Fisher and Fottrell played any part in his arrest and prosecution. *See Ramos*, 298 F. App'x at 86 (finding no municipal liability where the complaint contained no allegations that the City had an unconstitutional policy or custom).

Plaintiff's state law claims against the City remain, however, since, unlike cases brought under Section 1983, municipalities may have vicarious liability for common law torts, such as false arrest and malicious prosecution, committed by their employees. *See Williams v. City of White Plains*, 718 F. Supp. 2d 374, 381 (S.D.N.Y. 2010); *see also Raysor v. Port Auth. of N.Y. & N.J.*, 768 F.2d 34, 38 (2d Cir. 1985) (holding that state law false arrest and malicious prosecution claims could proceed against state entity on respondeat superior theory). Defendants' argument that the City is immune from suit since Fisher and Fottrell were exercising their discretion in arresting Ackerson is of no avail if the officers acted without probable cause. *See Lubecki v. City of N.Y.*, 304 A.D.2d 224, 233-34, 758 N.Y.S.2d 610, 617 (1st Dep't 2003) ("[T]he immunity

afforded a municipality for its employee's discretionary conduct does not extend to situations where the employee, a police officer, violates acceptable police practice.").

All claims against the White Plains Police Department are dismissed, since the "White Plains Police Department is an administrative arm of City of White Plains; it does not have a legal identity separate and apart from the municipality and thus cannot sue or be sued." Williams, 718 F. Supp. 2d at 381.

B. Point (iv) Malicious Prosecution Claim

Defendants' motion for summary judgment on Plaintiff's state law malicious prosecution claim is denied.

Under New York law, to prove malicious prosecution, a plaintiff must show (1) the initiation or continuation of criminal proceedings; (2) a termination of the proceedings in the plaintiff's favor; (3) a lack of probable cause for initiating the proceedings; and (4) actual malice. See Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997). The charge of menacing was dismissed by the White Plains City Court due to lack of sufficient allegations giving rise to the charge; this constitutes a favorable termination for the Plaintiff. See Rohrs v. Rohrs, 17 A.D.3d 659, 660, 793 N.Y.S.2d 532 (2d Dep't 2005) (holding that a dismissal of the underlying charges against a plaintiff will serve as a "favorable termination"); see also

*Rivas v. Suffolk County*, Nos. 04-4813-pr (L), 04-5198-pr (Con), 2008 WL 45406, at *1 (2d Cir. Jan. 3, 2008) (holding that state court's dismissal of criminal charges constituted a favorable termination for a Section 1983 claim). In addition, questions of fact remain regarding the existence of probable cause, making summary judgment inappropriate. *See Boyd v. City of N.Y.*, 336 F.3d 72, 78 (2d Cir. 2003) ("Once we find an issue of material fact as to probable cause, the element of malice also becomes an issue of material fact as well.").

V. *Conclusion*

Plaintiff's motion is DENIED. The portions of Defendants' motion for summary judgment on the issues of probable cause, qualified immunity, and malicious prosecution are DENIED. The Defendants' motion to dismiss the Section 1983 claims against the City is GRANTED. The Defendants' motion to dismiss all claims against the Police Department is GRANTED. The Defendants' motion to dismiss negligence claims against the City is DENIED.

SO ORDERED.
Dated:   New York, N.Y.
         December 15, 2010

KEVIN THOMAS DUFFY, U.S.D.J.